**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **JESSE SANDLIN,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 2:25-cv-02936-BCL-atc** |
| **CENLAR, FBS, GARY K. GROOMS, Esq., RICHARD C. KELLER, Esq., JASON K. PURSER, Esq.,** | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION FOR ORDER OF REFERENCE**

Before the Court by order of reference[1] is Defendants Cenlar, FBS, Gary K. Grooms, Esq., Richard Keller, Esq., and Jason K. Purser, Esq.'s Motion for Order of Reference to Bankruptcy Court, filed on October 27, 2025. (ECF No. 9.) Plaintiff Jesse Sandlin has not filed a response to the Motion, and the deadline for doing so has long since passed.

For the following reasons, it is recommended that Defendants' Motion for Order of Reference be granted and that this case be referred to the United States Bankruptcy Court for the Western District of Tennessee for further proceedings.

Sandlin is no stranger to litigation in the Western District of Tennessee. He has been filing lawsuits for nearly two decades concerning "long-standing issues between [him], CitiMortgage (his mortgage lender) and related parties that triggered [his] filing of a Chapter 13

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

petition" in the underlying bankruptcy action in 2009. *In Re Jesse Sandlin*, No. 2:09-bk-25231 (Bank. W.D. Tenn. May 14, 2009) ("Bankruptcy Proceeding"). On June 4, 2025, Sandlin moved the bankruptcy court to reopen the Bankruptcy Proceeding to permit him to file an adversary proceeding. (ECF No. 9, at 20); Bankruptcy Proceeding, ECF No. 168. Sandlin then initiated an adversary proceeding on September 10, 2025, and filed his First Amended Complaint on September 25, 2025. *Sandlin v. CitiMortgage et al.*, 2:25-ap-00085, ECF Nos. 1, 7 ("Adversary Proceeding"). Sandlin filed this case in the Circuit Court for Shelby County, Tennessee, two days before the filing of the Adversary Proceeding, on September 8, 2025. (ECF No. 9, at 2.) Defendants then removed this matter to this Court on October 8, 2025, on the basis of diversity jurisdiction and bankruptcy jurisdiction.[2] (ECF No. 1.)

Defendants subsequently filed the instant Motion on October 27, 2025. (ECF No. 9.) The Motion argues that this action "is inextricably intertwined" with the Bankruptcy and Adversary Proceedings and therefore should be referred to the United States Bankruptcy Court for the Western District of Tennessee. (ECF No. 9, at 2.)

Pursuant to 28 U.S.C. § 157(a), a district court "may provide that any or all cases under title 11 [of the Bankruptcy Code] and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." In accordance with § 157(a), this district adopted Administrative Order 84-30, stating in relevant part that

---

[2] Sandlin filed a Motion to Remand alleging that this Court lacks subject matter jurisdiction because "[t]here is not complete diversity of citizenship" between Sandlin and "one Defendant in this case." (ECF No. 13, at 2.) Even if this Court lacks jurisdiction based on diversity, this Court has jurisdiction over Sandlin's claims pursuant to 28 U.S.C. § 1334. *See Church Joint Venture v. Grusin*, No. 12-cv-2119-STA-dkv, 2012 WL 1982337, at *2 (W.D. Tenn. June 1, 2012) (finding that, "based on the allegation that this Court has jurisdiction in this case pursuant to § 1334(a) and (b), Administrative Order 84-30 applies, and the case is referred to the Bankruptcy Court.").

> all cases under the Bankruptcy Act and Title 11 of the United States Code and all actions, matters or proceedings arising under Title 11 of the United States Code shall be referred to the bankruptcy judges for this Judicial District, who shall exercise authority conferred under the Bankruptcy Amendments Act of 1984, except as otherwise provided by law or by rule or order of this District Court.

*Order In re Bankruptcy Jurisdiction and Procedure Under the Bankruptcy Amendments Act of 1984*, No. 84-30 (W.D. Tenn. July 10, 1984). "It is the practice of this district in accordance with Administrative Order 84-30 to refer related bankruptcy cases to the bankruptcy court in this district." *Johnson v. Santander Consumer USA*, No. 2:17-cv-02937-JTF-dkv, 2018 WL 4688887, at *2 (W.D. Tenn. Feb. 9, 2018), *superseded by* 2018 WL 3061920 (W.D. Tenn. Apr. 6, 2018), *report and recommendation adopted*, 2018 WL 2158778 (W.D. Tenn. May 10, 2018) (quoting *In re SII Liquidation Co.*, No. 10-60702, 2016 WL 197570, at *7 (Bank. N.D. Ohio Jan. 15, 2016), *aff'd sub nom. Pidcock v. Schwab*, 569 B.R. 463 (N.D. Ohio 2017));[3] *see also In re Cole*, No. 2:15-mc-00017-SHM-dkv, 2019 WL 2440082, at *2 (W.D. Tenn. June 11, 2019) ("District courts routinely refer this jurisdiction over bankruptcy cases and proceedings to the bankruptcy courts.") (citing 28 U.S.C. § 157(a)); *Hollis Dump Cable, Inc.*, No. 1:13-CV-1077-JDB-egb, 2014 WL 12526726, at *1 (W.D. Tenn. Oct. 23, 2014) ("Accordingly, '[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.'") (quoting 28 U.S.C. § 157(a)).

"A claim is related to a bankruptcy proceeding if 'it would have an effect on the bankruptcy estate or impact the debtor's rights or liabilities.'" *Johnson*, 2018 WL 4688887, at

---

[3] The cited report and recommendation was superseded only because the underlying bankruptcy case was dismissed before the district judge had an opportunity to rule on the report and recommendation. Accordingly, the proposition for which the report and recommendation is cited retains its persuasive value.

*2 (citing *Church Joint Venture*, 2012 WL 1982337, at *2); *see also Church Joint Venture*, 2012 WL 1982337, at *2 ("The Court holds that based on the allegation that this Court has jurisdiction in this case pursuant to § 1334(a) and (b), Administrative Order 84-30 applies, and the case is referred to the Bankruptcy Court."). This matter is undeniably related to the Adversary Proceeding. As Defendants assert, "[t]he claims in the Adversary Proceeding and in the present action are premised upon [Sandlin's] insistence that he is not in default of his mortgage loan and that the actions of each of the defendants to enforce CitiMortgage's right are accordingly wrongful." (ECF No. 9, at 3.) Indeed, in both actions, Sandlin contends that he is not in default of his mortgage loan and seeks declaratory and injunctive relief enjoining the foreclosure. (*See* ECF No. 1-1, at 19 ("Plaintiff further request the Court enjoin the Defendants from charging foreclosure and default related fees and costs and from commending or pursuing foreclosure until such servicing is provided and for all other relief to which this Plaintiff proves he is entitled.")); *see also* Adversary Proceeding, ECF No. 7, at 26 (same).

The claims raised in both actions also substantially overlap. Sandlin brings claims for conspiracy and collusion, tortious interference with economic relationship, tortious interference with contract and business relationship, intentional infliction of emotional distress, and fraud based on procurement of judgment in both actions. (*See* ECF No. 1-1, at 19–29); *see also* Adversary Proceeding, ECF No. 7, at 27–43. Further, both actions name Cenlar, Grooms, and Keller as defendants. Because both actions concern whether Sandlin is, in fact, in default on his mortgage loan and seek substantially similar relief, this matter is plainly related to the Adversary Proceeding.

Accordingly, it is recommended that Defendants' Motion for Order of Reference to Bankruptcy Court be granted and this case be referred to the Bankruptcy Court for further

proceedings. It is further recommended that Defendants' pending Motion to Dismiss be denied as moot. *See Johnson*, 2018 WL 4688887, at *2 (denying as moot the defendant's motion to dismiss in light of recommendation to refer the matter to the bankruptcy court). Finally, it is recommended that all remaining pending motions (ECF Nos. 10, 13, 18, 22, 25, 30) be administratively terminated without prejudice.

Respectfully submitted this 3rd day of August, 2026.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute forfeiture/waiver of objections, exceptions, and further appeal.