**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**JESSE SANDLIN,**

*Plaintiff*,

v. Case No. 2:25-cv-02936-BCL-atc

**CENLAR FSB, GARRY K GROOMS, RICHARD C KELLER, JASON K PURSER,**

*Defendants*.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

Before the Court is Magistrate Judge Annie T. Christoff's Report and Recommendation, entered Augst 3, 2026.[1] Doc. 31. The Report recommends that the Court grant Defendants' motion for Order of Reference to bankruptcy court, that Defendant's Motion to Dismiss be denied as moot, and that all remaining pending motions be administratively terminated without prejudice. *Id.* at 1, 5. The Report also recommends denial of Plaintiff's Motion to Remand (Doc. 13) and Supplemental Motion to Remand (Doc. 22), albeit in discussion of the issue without using the words "recommend" or "deny." Doc. 31 at 2 n.2. Plaintiff filed timely objections to the Magistrate Judge's recommendation. Doc. 32. For the reasons that follow, the Court **OVERRULES** Plaintiff's objections (Doc. 32) and **ADOPTS** the Report and Recommendation. Doc. 31.

**STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of certain district court duties to magistrate judges. *See United States v.*

---

[1] The case was originally assigned to Judge Thomas L. Parker. Doc. 2. Judge Parker transferred the case to the undersigned in March 2026. Doc. 20.

*Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For non-dispositive orders, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id*.

## FINDINGS OF FACT

Neither party object to the Report's proposed findings of fact. The Court therefore **ADOPTS** and incorporates those findings of fact.

## ANALYSIS

The Court has reviewed the Report and the entire record in this matter, including Plaintiff's objections, and finds no error in the Magistrate Judge's analysis or conclusions. In concluding that the Court "has jurisdiction over [Plaintiff's] claims," the Report necessarily recommended denial of Plaintiff's motions to remand. Doc. 31 at 2. The Report then explicitly recommended that Defendants' Motion for Order of Reference to Bankruptcy Court be granted.[2] Doc. 31 at 4-5.

Plaintiff has lodged two objections to the Report. First, Plaintiff argues that the Magistrate Judge erred in addressing the Motion for Reference without first addressing Plaintiff's Motions to

[2] The Report made other recommendations, but they are downstream of those two and Plaintiff has not objected to them. Doc. 31 at 4-5.

Remand, at least to the extent the Remand Motions asserted a lack of jurisdiction. Doc. 32 at 2-3. But—as Plaintiff appears to acknowledge in the next breath—the Report did address the jurisdictional issue. *See* Doc. 31 at 2 n.1. Plaintiff's first objection rests on an incorrect premise to the contrary, and it therefore is **OVERRULED**.

Second, Plaintiff argues that the Report erred in concluding that federal jurisdiction exists over this case. Doc. 32 at 3-4. Specifically, Plaintiff argues that Section 1334, Title 28, does not create jurisdiction because this lawsuit will "have no conceivable effect on any bankruptcy estate." Doc. 32 at 5. But the Recommendation (Doc. 31 at 4-5) explained ways in which "[t]his matter is undeniably related to the Adversary Proceeding" in bankruptcy court—in terms of subject matter, overlapping claims, and overlapping parties—and Plaintiff in his objections has offered only a conclusory assertion to the contrary. This Objection therefore is **OVERRULED**, with the observation that the Bankruptcy Cour may revisit the question of jurisdiction following the transfer, with leave to remand if it concludes doing so is legally appropriate. *MD Acquisition, LLC v. Myers*, No. 2:08-CV-494, 2009 WL 466383, at *2-*6 (S.D. Ohio Feb. 23, 2009); *Chrysler LLC v. Getrag Transmission Mfg., LLC*, No. 08-14592, 2009 WL 799038, at *2 (E.D. Mich. Mar. 23, 2009) (determining that "the Bankruptcy Court may entertain each and every one of [plaintiff's] arguments currently being raised.").

**CONCLUSION**

Therefore, the Court hereby **ADOPTS** the Report and Recommendation. Doc 31. The Motion for Order of Reference to Bankruptcy Court (Doc. 9) is **GRANTED**, and this matter is referred to bankruptcy court. Plaintiff's Motion to Remand (Doc. 13) and Supplemental Motion to Remand (Doc. 22) are **DENIED**, with the Bankruptcy Court having leave to revisit issues of

jurisdiction. The Motion to Dismiss (Doc. 11) is **DENIED** as moot, and the remaining pending motions are administratively terminated without prejudice.

**IT IS SO ORDERED**, this 19th day of August, 2026.

s/*Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE